UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 18-44540

JAMES JOSEPH STEWART,                           Chapter 13

                        Debtor.                 Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S MOTION
TO COMPEL RESTORATION OF UTILITY SERVICES, ETC.**

## I.  Introduction

This case came before the Court on April 19, 2018, for an expedited hearing on the

Debtor's motion entitled "Motion for Restoration of Utility Services, Actual and Punitive

Damages and Attorney Fees for Violation of the Automatic Stay for Creditor Misconduct"

(Docket # 11, the "Motion").  Creditor DTE Energy Company ("DTE") filed a response to the

Motion (Docket # 22).  Counsel for the Debtor, counsel for DTE, and counsel for the Chapter 13

Trustee appeared at the hearing.  The Court then scheduled the Motion for an evidentiary hearing.

That evidentiary hearing was held and concluded on April 30, 2018.

This opinion states the Court's findings of fact and conclusions of law regarding the

Motion and the subject matter of the evidentiary hearing, and describes further proceedings that

will be necessary regarding the Motion.

## II.  Jurisdiction

This Court has subject matter jurisdiction over this case and over this contested matter

under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.).  This

contested matter is a core proceeding under 11 U.S.C. § 157(b)(2)(A) and (O), and because it is a

proceeding "arising under title 11" within the meaning of 11 U.S.C. §§ 157(a) and 157(b)(1).  It

"aris[es] under title 11" because it "involve[s] a cause of action created or determined by a statutory provision of title 11," namely, 11 U.S.C. §§ 366(a), 362(a)(6), and 362(k)(1). *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27-28 (Bankr. E.D. Mich. 2009).

## III. Discussion

The Court has considered all of the testimony given during the evidentiary hearing, by the one witness who testified (the Debtor, James Stewart), and the Court has considered all of the exhibits admitted into evidence during that hearing (Debtor's Exhibits A, B, C, D, and E; and DTE's Exhibits 1, 2, and 4). The Court also has considered all of the oral arguments of the Debtor and DTE, made by their attorneys during the April 19, 2018 hearing and during the April 30, 2018 evidentiary hearing, and all of the written arguments made by the parties regarding the Motion (Docket ## 11 and 22). The Court also has reviewed and considered all of the Schedules filed by the Debtor, as well as the Statement of Financial Affairs ("SOFA") filed by the Debtor. (The Schedules and SOFA were filed on March 29, 2018, at Docket # 1). The Court has given particular attention to Item no. 44 of Schedule A/B and Item no. 27 of the SOFA.

The Court also has considered the "Supplemental Response . . ." filed on May 2, 2018 by DTE (Docket # 34), and the Debtor's response to DTE's Supplemental Response, filed May 4, 2018 (Docket # 39).

The Court finds and concludes that the Debtor has met his burden of proving, by a preponderance of the evidence, that the Debtor (James Stewart) is individually responsible and liable for the debt owing to DTE for gas and electric service that DTE has provided to the restaurant and bar known as Inuendo, located at 744 E. Savannah Street, Detroit, Michigan (the "Inuendo Property"). (This debt will now be referred to as the "Utility Debt"). The Utility Debt

2

was in the amount of $13,081.43 as of March 2, 2018. Neither I.P. Enterprises, Inc. nor any other person or entity is liable for the Utility Bill — rather, only the Debtor James Stewart is liable for the Utility Bill.

These findings and conclusions are based, in part, on the written contract that the Debtor made with DTE, a copy of which was admitted into evidence as Debtor's Exhibit C. Based on the Debtor's testimony, which the Court finds credible and which was not disputed by any contrary evidence, the Court finds that this Exhibit is a genuine copy of a written contract that the Debtor made with DTE on or about April 15, 2002, and which contract is still in effect.[1] Under this contract, the Court finds that the Debtor James Stewart, and only the Debtor James Stewart, doing business under the assumed name "Inuendo," is individually and personally responsible and liable to pay DTE for all gas and electric utility service provided to the Inuendo Property.

It is undisputed that before the Debtor filed this bankruptcy case on March 29, 2018, DTE had shut off the gas service to the Inuendo Property, for non-payment. DTE became aware that the Debtor had filed this bankruptcy case no later than April 9, 2018, when Debtor's counsel served DTE's in-house counsel by e-mail with the Motion. (DTE may have known of the bankruptcy filing sooner than April 9, 2018.) It is also undisputed that after the Debtor filed this

---

[1] In its Supplemental Response filed May 2, 2018 (Docket # 34), DTE requests that the Court reconsider and reverse its ruling, made during the April 30, 2018 evidentiary hearing, admitting Debtor's Exhibit C into evidence. The Court denies DTE's request. Nothing in what DTE says in its Supplemental Response supports a finding contrary to the Court's finding, that Debtor's Exhibit C is a genuine copy of the original contract document that was signed by the Debtor and given to DTE on or about April 15, 2002. The Court has considered what DTE says in its Supplemental Response, about the whiteouts on the original of the contract document, in making its findings and conclusions stated in this opinion. But the Court credits the Debtor's testimony that the whiteouts on the original were done by and with the DTE representative at the time the Debtor signed the document at DTE's offices, on or about April 15, 2002.

3

bankruptcy case, and at all times through the present, DTE has refused to restore the gas service to the Inuendo Property, because of the unpaid Utility Bill, and has refused to recognize the Debtor James Stewart as the person, or a person, liable to pay DTE for the utility services to the Inuendo Property.

This post-petition conduct by DTE violated 11 U.S.C. § 366(a), and it also violated the automatic stay under 11 U.S.C. § 362(a)(6). DTE's violations have been continuing violations — they are continuing as of the date of this opinion. And because DTE's continuing violations of the automatic stay have been done after DTE knew of the Debtor's bankruptcy case filing, and therefore after DTE knew that the automatic stay had arisen with respect to the Debtor, such violations are "willful" violations of the automatic stay, within the meaning of 11 U.S.C. § 362(k)(1). *See, e.g., In re Storozhenko*, 459 B.R. 697, 702 (Bankr. E.D. Mich. 2011) (citing *In re Sharon*, 234 B.R. 676, 687-88 (6th Cir. BAP 1999)). This is true even though DTE may have had a good faith (albeit erroneous) belief that the Debtor James Stewart was not responsible or liable for the Utility Bill.

Under § 362(k)(1), therefore, the Debtor may be entitled to monetary relief against DTE. Whether and to what extent the Court will award such monetary relief is an issue the Court cannot yet determine. A further hearing on that issue will be necessary.

Under 11 U.S.C. § 105(a), the Court now will enter an order requiring DTE to restore gas service to the Inuendo Property immediately, and prohibiting DTE from disconnecting or shutting off any gas or electric service to the Inuendo Property, unless and until the Court explicitly orders that DTE may do so.

DTE's conduct to date, based on DTE's stated position that the Debtor James Stewart is

4

not its customer who owes on the Utility Bill, has completely thwarted the Debtor's ability to comply with the requirements of 11 U.S.C. § 366(b), which require the Debtor to provide DTE with "adequate assurance of payment . . . for service after the [date of the order for relief]." As a result, and under 11 U.S.C. § 105(a), the Court will order, as part of the relief for DTE's violations of §§ 366(a) and 362(a)(6), that the 20-day time period provided in § 366(b) will be deemed to begin to run only on the date of this opinion and the accompanying order.

Finally, the Court will adjourn the further hearing on the Debtor's Motion, currently scheduled for May 10, 2018, to May 24, 2018 at 9:00 a.m. The purpose of that further hearing will be to hear argument from the parties about the Debtor's request in the Motion for monetary relief against DTE.

## IV. Conclusion

For the reasons stated in this opinion, the Court will enter an order that provides the relief described above.

**Signed on May 4, 2018**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**