UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 18-44540

JAMES JOSEPH STEWART,  Chapter 13

Debtor.  Judge Thomas J. Tucker

_____/

# ORDER STRIKING THE RESPONSE, FILED BY THE DECEASED DEBTOR'S FORMER ATTORNEY, TO THE WAYNE COUNTY TREASURER'S MOTION FOR RELIEF FROM STAY

On February 6, 2024, the Wayne County Treasurer filed a motion for relief from stay (Docket # 133, the "Motion"). On February 7, 2024, a response to the Motion was filed, purportedly on behalf of the Debtor, by the Debtor's former attorney (Docket # 134, the "Response").

The Response must be stricken because it was not filed by or on behalf of anyone with standing to do so. The Debtor James Joseph Stewart is deceased, having died on January 8, 2024, and the Response does not show that the Debtor's former attorney has standing or authority to file a response on behalf of the deceased Debtor.

Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a paper on behalf of the deceased Debtor, James Joseph Stewart. *See In re Beach*, No. 20-47886, 2022 WL 1446748 (Bankr. E.D. Mich. May 6, 2022); *In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

The Response does not allege or demonstrate that the Debtor's former attorney is the personal representative of the deceased Debtor, James Joseph Stewart, or that he is the attorney for such personal representative.

For these reasons,

IT IS ORDERED that the Response (Docket # 134) is stricken.

**Signed on February 8, 2024**  /s/ Thomas J. Tucker
　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**